1

2

3

4

5

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  BOARD OF DIRECTORS OF THE   )   CV 16-3683-RSWL-KS
    MOTION PICTURE INDUSTRY     )
13  PENSION PLAN, et al.        )
                                )
14                              )   **ORDER Re: PLAINTIFFS'**
                                )   **MOTION FOR ENTRY OF**
                Plaintiffs,     )   **DEFAULT JUDGMENT AGAINST**
15                              )   **DEFENDANTS S&L TRAMONDO,**
                                )   **INC. AND ALTERNATIVE**
16      v.                      )   **METAL SUPPLY - STUDIO**
                                )   **DIVISION, INC.** [30]
17  S&L TRAMONDO, INC;          )
    ALTERNATIVE METAL SUPPLY-   )
18  STUDIO DIVISION, INC., et   )
    al.                         )
19                              )
                                )
20                Defendants.   )
    _____)

21      Currently before the Court is Plaintiffs' Motion

22  for Entry of Default Judgment [30] ("Motion") against

23  Defendants S&L Tramondo, Inc. ("S&L Tramondo") and

24  Alternative Metal Supply, Studio Division ("Alternative

25  Metal Supply") as to all claims.  The Court **NOW FINDS**

26  **AND RULES AS FOLLOWS:** the Court **GRANTS IN PART and**

27  **DENIES IN PART** Plaintiffs' Motion and awards $27,836.88

28  in damages to Plaintiffs, plus interest, at the rate of

                                1

one percent (1%) per month, commencing when payment was due beginning on January 21, 2015, and continuing until payment is made.

## I. BACKGROUND

### A.  Factual Background

Plaintiffs are The Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Industry Account Plan, and the Motion Picture Industry Health Plan ("the Plans").  Compl. ¶ 4, ECF No. 1.  The Plans were established pursuant to collective bargaining agreements between entertainment industry employers and IATSE.[1]

The Plans are employee welfare benefit and pension plans within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(1)(29 U.S.C. § 1002(1)) and § (3)(2)(29 U.S.C. § 1002(2)), and are multiemployer plans within the meaning of ERISA § 3(37)(A)(29 U.S.C. § 1002(37)(A)) and ERISA § 515 (29 U.S.C. § 1145).  Id. at ¶ 5.

Defendant S&L Tramondo is a business entity, form unknown, doing business in Los Angeles County under the name "Alternative Metal Supply, Studio Division."  Id. at ¶ 6.  Defendants Shaun Tramondo and Leticia Tramondo are individuals residing in Los Angeles County doing business under the names "Alternative Metal Supply -

---

[1]  International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada is an unincorporated labor organization.

2

Studio Division, Inc.," "Alternative Metal Supply Studio," and "S&L Tramondo, Inc." Id. at ¶¶ 7, 8.

In March 2006, S&L Tramondo entered into a Memorandum of Agreement with IATSE, agreeing to pay contributions to the Plans for all employees from the date of hire. Id. at ¶ 13; Compl. Ex. 1. Between March 2006 and February 2007, Defendant Shaun Tramondo, as President of Alternative Metal Supply and S&L Tramondo, executed various agreements[2] to pay contributions to the Plans for all employees from the date of hire. Id. at ¶¶ 14-17; Exs. 2-5.

Defendant Shaun Tramondo also executed Trust Acceptances, agreeing to be bound by all terms and conditions of the Trust Agreements establishing the Plans ("Trust Agreements"). Id. at ¶ 18; Ex. 6. The Trust Agreements required him to submit a report and pay contributions on a weekly basis to the Plans for each hour worked by or guaranteed to employees. Id. at ¶ 20; Decl. Of Juanito Antonio F. Ramas. ("Ramas Decl.") Ex. 1, p. 9; Ex. 2, p. 16; Ex. 3, p. 23, ECF No. 30-3.

The Trust Agreements set forth payment procedures for delinquent contributions to the Plans. Contributions are delinquent if they are not received

---

[2] Shaun Tramondo executed Consent Agreements with IATSE agreeing to be bound by the 2003 Music Video Production Agreement ("MVPA"), the 2004 Television Commercial Agreement ("Commercial Agreement"), and the 2004-2007 Low Budget Theatrical Agreement. S&L Tramondo executed the 2007-2009 Low Budget Theatrical Agreement. Id. at ¶¶ 14-17.

within ten days from the date such contributions become due.  Ramas Decl. Ex. 1, p. 9; Ex. 2, p. 16; Ex. 3, p. 23.   The Trust Agreements further provide for the assessment at an interest rate of one percent (1%) per month on delinquent contributions, commencing when payment was due and continuing to the date when payment is made.  Compl. ¶ 22; Ramas Decl. Ex. 1, p. 10; Ex. 2, p. 16; Ex. 3, p. 23.   In addition, the Trust Agreements require payment of liquidated damages[3] for delinquent contributions.  Id. at ¶ 21; Ramas Decl. Ex. 1, p. 10; Ex. 2, p. 16; Ex. 3, p. 23.   Finally, in the event of a delinquency, employers are liable for all expenses of collection/enforcement, including all costs, reasonable accountant's fees, auditor's fees, and attorney's fees. Id. at ¶ 22; Ramas Decl. Ex. 1, p. 11; Ex. 2, p. 16; Ex. 3, p. 23.

Between January 2015 and April 2016, S&L Tramondo and Alternative Metal Supply submitted weekly remittance reports identifying employees for whom contributions were owed and checks totaling $20,866.82. Id. at ¶ 23.   The checks were returned unpaid by their bank for insufficient funds ("NSF Checks").  Id.; Ramas Decl. Ex. 10, ECF No. 30-5.   On April 16, 2016, Plaintiffs sent a letter to Defendant Shaun Tramondo, advising him of the NSF Checks and demanding payment of

---

[3] The amount of liquidated damages is the greater of either: (1) twenty percent (20%) of all unpaid contributions; or (2) interest calculated at a rate of one percent (1%) per month from the due dates until the date when payment is made.  Id.

$20,866.82.   Ramas Decl. ¶ 10; Ex. 11, ECF No. 30-6.
The contributions remain due and unpaid.   Compl. ¶ 24.

**B.   <u>Procedural Background</u>**

Plaintiffs filed a Complaint against all Defendants on May 26, 2016, alleging three claims: (1) breach of the Agreements and Trust Agreements for failure to report and pay contributions, <u>see</u> LMRA § 301(a)(29 U.S.C. § 185(a)); (2) violation of ERISA § 515 (29 U.S.C. § 1145) for failure to accurately report and pay contributions to the Plans; and (3) California Civil Code § 1719(a)(2) for submitting NSF or dishonored checks.   Compl. ¶¶ 26-27, 30, 33.

Plaintiffs seek the following damages from S&L Tramondo and Alternative Metal Supply as to the first and second claims: (1) $20,866.82 for unpaid contributions from NSF Checks; (2) $1,941.38 interest (through August 31, 2016); (3) $4,173.36 liquidated damages (through August 31, 2016); (4) attorneys' fees of $2,245.59; and (5) litigation costs of $551.11.   Ramas Decl. ¶ 12; Ex. 12, ECF No. 30-7; Decl. of Elizabeth Rosenfeld ("Rosenfeld Decl.") ¶¶ 8, 9, ECF No. 30-8.   As to the third claim under California Civil Code § 1719(a)(2), Plaintiffs seek treble damages, totaling $19,500.   Compl. ¶¶ 32-33.

S&L Tramondo, Alternative Metal Supply, and Defendant Shaun Tramondo were served with the summons and Complaint on May 27, 2016.   Proof of Service, ECF

Nos. 8, 9, 10.  Neither S&L Tramondo nor Alternative
Metal Supply appeared or otherwise responded to the
Complaint.[4]  The Clerk entered default against S&L
Tramondo and Alternative Metal Supply on July 5, 2016,
ECF Nos. 19, 20, but not as to Defendant Shaun Tramondo
because he answered the Complaint on July 1, 2016.  ECF
No. 16.

On September 1, 2016, Plaintiffs filed the instant
Motion against S&L Tramondo and Alternative Metal
Supply.  The Opposition was due on September 20, 2016,
but none was filed.

## II. DISCUSSION

**A.  <u>Legal Standard</u>**

The granting of Default Judgment is within the
discretion of the district court.  <u>Aldabe v. Aldabe</u>,
616 F.2d 1089, 1092 (9th Cir. 1980); <u>see</u> Fed. R. Civ.
P. 55. Procedural and substantive requirements must be
met.

Procedurally, the requirements set forth in Federal
Rules of Civil Procedure 54(c) and 55(b), and Local
Rule 55-1 must be met.  <u>See Vogel v. Rite Aid Corp.</u>,
992 F. Supp. 2d 998, 1006 (C.D. Cal 2014).  Local Rule
55-1 provides: "When an application is made to the
Court for a default judgment, the application shall be
accompanied by a declaration in compliance with
F.R.Civ.P. 55(b)(1) and/or (2) and include the

---

[4] They were required to respond to Plaintiffs' Complaint no
later than June 17, 2016.  Fed. R. Civ. P. 12(a).

following: (a) When and against what party the default
was entered; (b) The identification of the pleading to
which default was entered; (c) Whether the defaulting
party is an infant or incompetent person, and if so,
whether that person is represented by a general
guardian, committee, conservator or other
representative; (d) That the Service Members Civil
Relief Act, 50 U.S.C. App. § 521, does not apply; and
(e) That notice has been served on the defaulting
party, if required by F.R.Civ.P. 55(b)(2)."  L.R. 55-1.

Courts should also consider the following factors
in determining whether to grant a motion for default
judgment: "(1) the possibility of prejudice to
plaintiff, (2) the merits of plaintiff's substantive
claims, (3) the sufficiency of the complaint, (4) the
sum of money at stake in the action, (5) the
possibility of a dispute concerning the material facts,
(6) whether defendant's default was the product of
excusable neglect, and (7) the strong public policy
favoring decisions on the merits." Eitel v. McCool,
782 F.2d 1470, 1471-72 (9th Cir. 1986).

If the court determines that the defendant is in
default, "'the factual allegations of the complaint,
other than those relating to damages, are taken as
true.'" Televideo Sys., Inc. v. Heidenthal, 826 F.2d
915, 917-18 (9th Cir. 1987) (quoting Geddes v. United
Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).
Additionally, "[w]hen entry of judgment is sought

against a party who has failed to plead or otherwise
defend, a district court has an affirmative duty to
look into its jurisdiction over both the subject matter
and the parties." In re Tuli, 172 F.3d 707, 712 (9th
Cir. 1999).

If the Court determines that the allegations in the
complaint are sufficient to establish liability, the
plaintiff must provide proof of all damages sought in
the complaint, and the Court must determine the "amount
and character" of the relief that should be awarded.
Id. at 1005-06 (citations omitted); PepsiCo, 238 F.
Supp. 2d 1172, 1175 (C.D. Cal. 2002).  "A default
judgment must not differ in kind from, or exceed in
amount, what is demanded in the pleadings."  Fed. R.
Civ. P. 54(c).

**B.**   **Analysis**

1.   Jurisdiction and Service of Process

In considering whether to enter default judgment
against S&L Tramondo and Alternative Metal Supply, the
Court must first determine whether it has jurisdiction
over the subject matter and the parties to the case.
In re Tuli, 172 F.3d at 712.

a.   *Subject Matter Jurisdiction, Personal*
     *Jurisdiction, and Service of Process are*
     *Proper*

The Court has subject matter jurisdiction over the
case, as Plaintiffs' claims allege violations of
federal claims for unpaid contributions under ERISA and

breach of the Trust Agreements under LMRA § 301(a) (29
U.S.C. § 185(a)).[5]  Bd. of Trustees of Cement Masons
Health & Welfare Trust Fund for N. Cal. v. C&C
Concrete, Inc., No. C 10-03343 LB, 2013 WL 2456560, at
*3 (N.D. Cal. June 6, 2013) (subject matter
jurisdiction satisfied in motion for default judgment
for nearly-identical ERISA and LMRA type claims).  The
Court also has supplemental jurisdiction over the Civil
Code § 1719(a)(2) claim for dishonored checks because
it is inextricably related to the delinquent payment
contributions under the first two claims, such that all
claims "form part of the same case or controversy."  28
U.S.C. § 1367.

     Here, the Court has personal jurisdiction over S&L
Tramondo and Alternative Metal Supply.  S&L Tramondo
has been doing business in Los Angeles County as a
California Corporation using a falsely represented
Entity Number C2868919.  Compl. ¶ 6.  The State of
California Entity Number C2868919 actually belongs to
Alternative Metal Supply, which is a suspended
California corporation.  Id.  Both entities have
minimum contacts with California, as they conducted
business here, held themselves out as California

---

     [5] 29 U.S.C. § 185(a) allows any district court of the United
States jurisdiction over "suits for violation of contracts
between an employer and a labor organization representing
employees in an industry affecting commerce . . . ."  The Plans
are subject to the provisions of section 302(c)(5) of the Labor-
Management Relations Act of 1947 ("LMRA").  Compl. ¶ 4.

corporations, and entered into the Trust Agreements giving rise to the present claims in California. Ramas Decl. Exs. 1-3.

Lastly, Plaintiffs properly served the summons and the Complaint on S&L Tramondo and Alternative Metal Supply on May 27, 2016 [9] [10] in conformance with Federal Rules of Civil Procedure 4(e)(2) and 4(h)(1)(A),(B).

2.  Procedural Requirements

Plaintiffs have satisfied the procedural requirements for default judgment pursuant to Federal Rules of Civil Procedure 55 and Local Rule 55-1.  Under Federal Rule of Civil Procedure 55(a), the Court Clerk properly entered default against S&L Tramondo and Alternative Metal Supply.  ECF Nos. 19, 20.  Plaintiffs properly moved pursuant to Rule 55(b) for entry of default judgment.

Local Rule 55-1 asks Plaintiff to provide the following in an application for default judgment: (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the Servicemembers Civil Relief Act does not apply; and (5) notice has been served on the defaulting party.

Plaintiffs have satisfied these requirements.  The Clerk of Court entered default judgment against S&L Tramondo and Alternative Metal Supply as to the

10

1  Complaint on July 5, 2016 [19, 20].  Rosenfeld Decl. ¶
2  6.  Neither S&L Tramondo nor Alternative Metal Supply
3  are an infant, incompetent person, or exempted under
4  the Soldiers' and Sailors' Civil Relief Act of 1940,
5  the predecessor to the Servicemembers Civil Relief Act.
6  Rosenfeld Decl. ¶¶ 2, 3.  Lastly, S&L Tramondo and
7  Alternative Metal Supply were served with notice of
8  this Motion on September 2, 2016.  ECF No. 31.
9       3.  _Eitel Factors_
10      The Court must also determine whether granting
11  Plaintiffs' Motion is appropriate under the _Eitel_
12  factors.
13           a.  *Risk of Prejudice to Plaintiff*
14      The first _Eitel_ factor considers whether a
15  plaintiff will suffer prejudice if a default judgment
16  is not entered.  _Vogel_, 992 F. Supp. 2d at 1007.
17  Plaintiffs have reportedly been damaged to the tune of
18  the delinquent contributions and associated interest,
19  liquidated damages, attorneys' fees, and costs.  Pl.'s
20  Mot. For Default Judgment ("Mot.") 5:21-22.  Given S&L
21  Tramondo and Alternative Metal Supply's refusal to pay
22  the sums due, Plaintiffs will suffer prejudice because
23  they "will likely be without other recourse for
24  recovery" if default judgment is not entered.  _Id._ at
25  5:23-25.  Moreover, if the Court does not hold S&L
26  Tramondo and Alternative Metal Supply accountable for
27  unpaid contributions, future beneficiaries may face
28  risk if the Plan is underfunded.  _Bd. Of Trustees of_

1  the Clerks & Lumber Handlers Pension Fund v. Piedmont
2  Lumber & Mill Co., No. C 10-1757 MEJ, 2010 WL 4922677,
3  at *4 (N.D. Cal. Nov. 29, 2010).  This factor favors
4  entry of default judgment.

5         b.  *Sufficiency of the Complaint and*
6             *Likelihood of Success on the Merits*

7     The second and third Eitel factors consider the
8  merits of the plaintiff's substantive claims and the
9  sufficiency of the complaint.  "Under an [Eitel]
10  analysis, [these factors] are often analyzed together."
11  Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp.2d 1038,
12  1048 (N.D. Cal. 2010).  Plaintiffs have pled
13  meritorious claims for (1) violation of the Agreements
14  and Trust Agreements; and (2) violation of ERISA § 515
15  (29 U.S.C. § 1145).  Plaintiffs have not pled a
16  meritorious claim for (3) California Civil Code §
17  1719(a)(2).[6]

18          i.  *Breach of Trust Agreements*
19     As a threshold matter, Plaintiffs have standing to

20
21
22
_____

23      [6] In their Complaint, Plaintiffs raise a claim under
24  California Civil Code § 1719(a)(2) for dishonored checks and ask
    for treble damages in the amount of all thirteen NSF Checks,
25  totaling $19,500.00.  Compl. ¶¶ 32-33.  On the contrary,
    Plaintiffs' Motion seeks "statutory service fees" of $445.00
26  under Civil Code § 1719(a)(1) for the thirteen NSF Checks.  This
    discrepancy in code sections and dollar amounts is immaterial.
27  The Court declines to enter default judgment as to the Civil Code
    § 1719(a)(2) claim, because the claim lacks merit.  The Court
28  also elects not to award Plaintiff treble damages of $19,500.

enforce LMRA § 301(a) (29 U.S.C. § 185(a))[7] and ERISA § 515 (29 U.S.C. § 1145).   LMRA section 301 allows third party beneficiaries to enforce an employer-labor organization agreement.   See Audit Servs., Inc. v. Rolfson, 641 F.2d 757, 760 (9th Cir. 1981). Additionally, Plaintiffs have standing to assert their claims under ERISA.   See Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co., 484 U.S. 539, 547 (1988) ("The liability created by [ERISA] § 515 may be enforced by the trustees of a plan by bringing an action in federal court[.]").   Thus, Plaintiffs are entitled to enforce the Trust Agreements against S&L Tramondo and Alternative Metal Supply.

Plaintiffs have also demonstrated that S&L Tramondo and Alternative Metal Supply breached the Trust Agreements.   They were bound by the Memorandum of Agreement to the terms and conditions of the Trust Agreements, including the obligation to pay contributions to the Plan for employees, Compl. ¶ 13, the weekly remittance report and contributions, and the associated fees for delinquent payments.   Compl. ¶¶ 20-22; Ramas Decl. ¶ 8F.   They breached these terms when they presented NSF Checks and failed to pay $20,866.82

---

[7] "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

1  in contributions owed to the Plans.  Compl. ¶ 24; Ramas
2  Decl. ¶¶ 9, 11.  Plaintiffs have sufficiently alleged a
3  contractual obligation to make contributions and
4  subsequent breach.

5              ii. *Violation of ERISA § 515*

6       The evidence presented and the four corners of the
7  Complaint demonstrate meritorious claims for violation
8  of ERISA § 515 (29 U.S.C. § 1145).[8]

9       Section 515 allows plan fiduciaries to enforce
10 obligations created under the collective bargaining
11 agreement against employers who fail to make
12 contributions to employee benefit plans.  Bd. Of
13 Trustees of U.A. v. RT/DT, Inc., No. C 12-05111 JSW,
14 2013 WL 2237871, at *4 (N.D. Cal. May 21, 2013).  To
15 successfully assert this claim, Plaintiffs must prove:
16 (1) the Trust Agreements are multi-employer plans; (2)
17 the collective bargaining agreement obligated
18 Defendants to make employee benefit contributions; and
19 (3) Defendants failed to make the contribution
20 payments.  Id. at *4.

21      Plaintiffs have made a threshold demonstration that
22 S&L Tramondo and Alternative Metal Supply violated
23 ERISA section 515 because the Plans are multiemployer
24

25      [8] Section 1145 provides: "Every employer who is obligated to
26 make contributions to a multiemployer plan under the terms of the
   plan or under the terms of a collectively bargained agreement
27 shall, to the extent not inconsistent with law, make such
   contributions in accordance with the terms and conditions of such
28 plan or such agreement."

                                14

plans, Compl. ¶ 5; Ramas Decl. ¶ 3, and the Trust
Agreement establishing the Plans obligated S&L Tramondo
and Alternative Metal Supply to make contributions for
total hours worked by or guaranteed to all employees
covered by the agreements by the last day of the week
following the week in which work was performed.  Compl.
¶ 20; Ramas Decl. ¶ 4.  Lastly, they failed to make the
contribution payments between January 2015 and April
2016, when Defendants submitted checks totaling
$20,866.82, which were returned unpaid by S&L Tramondo
and Alternative Metal Supply's bank for insufficient
funds.  Compl. ¶ 23; Ramas Decl. ¶ 9.

Plaintiffs also demonstrate that they are entitled
to remedies associated with a violation of ERISA § 515.
When judgment is entered in favor of a plan under ERISA
§ 515, ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2))
requires the Court to award unpaid contributions,
interest on unpaid contributions, an amount equal to
the greater of interest on unpaid contributions or
liquidated damages provided under the plan, reasonable
attorneys' fees and costs, and other such legal or
equitable relief as the Court deems appropriate.  The
Trust Agreements here plainly obligate a delinquent
employer to pay for delinquent contributions,
liquidated damages, interest accruing at the rate of 1%
per month on all unpaid contributions, and all expenses
of collection, including costs, reasonable accountants'
fees, auditors' fees and attorneys' fees.  Compl. ¶ 20-

22; Ramas. Decl. ¶ 5A-5D, Exs. 1-3.   As such, the Court can conclude that Plaintiffs have properly stated a claim for and are entitled to remedies under ERISA § 502(g)(2).

### iii. *California Civil Code § 1719(a)(2)*

In the Complaint, Plaintiffs claim violation of California Civil Code § 1719(a)(2) for thirteen checks passed on insufficient funds.  Compl. ¶¶ 32-33.  But in the Motion and Proposed Judgment, Plaintiffs claim they are owed a service charge under separate § 1719(a)(1)[9], as the payee of an NSF check.  Id. at 7:26.  This appears to contradict Federal Rule of Civil Procedure 54(c): "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[10]

However, confining its analysis to only the claims demanded in the pleadings, the Court finds that Plaintiffs' § 1719(a)(2) claim is without merit. Section 1719 "sets forth the procedures, under California law for collecting on dishonored checks."

---

[9] California Civil Code § 1719(a)(1) provides: "[A]ny person who passes a check on insufficient funds shall be liable to the payee for the amount of the check and a service charge payable to the payee for an amount not to exceed twenty-five dollars ($25) for the first check passed on insufficient funds and . . . ($35) for each subsequent check to that payee passed on insufficient funds."

[10] Plaintiffs' reliance on both § 1719(a)(1) and § 1719(a)(2) also makes little sense, as a check writer liable for treble damages under § 1719(a)(2) is not required to pay "statutory service charges" under § 1719(a)(1).  Imperial Merchant Servs., Inc. v. Hunt, 47 Cal. 4th 381, 387 (2009).

1  <u>Hunt v. Check Recovery Sys., Inc.</u>, 478 F. Supp. 2d

2  1157, 1162 (N.D. Cal. 2007).  Specifically, §

3  1719(a)(2) sets forth extensive threshold requirements

4  before holding a checkwriter liable for treble the

5  outstanding balance on the check.[11]  The Court cannot

6  reconcile Plaintiffs' conclusory statement, that they

7  "have complied with all conditions precedent to the

8  payment of treble damages," Compl. ¶ 32, with the

9  dizzying threshold steps set forth in § 1719(a)(2).

10  The sole written demand Plaintiffs provided to S&L

11  Tramondo and Alternative Metal Supply regarding their

12  NSF Checks did not inform them of the provisions of §

13  1719(a)(2), request payment of the service charge, or

14

15  ─────────────────────

16  [11] Section 1719 sets forth these requirements in extensive
detail: "[a]ny person who passes a check on insufficient funds

17  shall be liable to the payee for damages equal to treble the
amount of the check if a written demand for payment is mailed by

18  certified mail to the person who had passed a check on
insufficient funds and the written demand informs this person of

19  (A) the provisions of this section, (B) the amount of the check,
and (C) the amount of the service charge payable to the payee.

20  The person who had passed a check on insufficient funds shall
have 30 days from the date the written demand was mailed to pay

21  the amount of the check, the amount of the service charge payable
to the payee, and the costs to mail the written demand for

22  payment. If this person fails to pay in full the amount of the
check, the service charge payable to the payee, and the costs to

23  mail the written demand within this period, this person shall
then be liable instead for the amount of the check, minus any

24  partial payments made toward the amount of the check or the
service charge within 30 days of the written demand, and damages

25  equal to treble that amount, which shall not be less than one
hundred dollars ($100) nor more than one thousand five hundred

26  dollars ($1,500). When a person becomes liable for treble damages
for a check that is the subject of a written demand, that person

27  shall no longer be liable for any service charge for that check
and any costs to mail the written demand.

28

provide a 30-day window to mail the delinquent check
amount.  Ramas Decl. Ex. 11.  Accordingly, Plaintiffs
have not adequately stated a claim under § 1719(a)(2),
and default judgment of this claim is inappropriate.

        c.  *Sum of Money at Stake in the Action*

"Under the [fourth] <u>Eitel</u> factor, the court must
consider the amount of money at stake in relation to
the seriousness of Defendant's conduct."  <u>PepsiCo</u>, 238
F. Supp. 2d at 1176.  "While the allegations in a
complaint are taken to be true for the purposes of
default judgment, courts must make specific findings of
fact in assessing damages."  <u>Moroccanoil, Inc. V.
Allstate Beauty Prod., Inc.</u>, 847 F. Supp. 2d 1197, 1202
(C.D. Cal. 2012).

For the ERISA and Trust Agreement claims,
Plaintiffs request $22,808.20 for payment of the
contributions and interest that has accrued, $4,173.36
for liquidated damages, $2,245.59 for attorneys' fees,
and $551.11 for litigation costs.  These amounts are
all authorized under the Trust Agreements and
"appropriately tailored to [Defendants'] specific
misconduct in failing to make timely contribution
payments."  <u>RT/DT, Inc.</u>, 2013 WL 2237871, at *5.
Because S&L Tramondo and Alternative Metal Supply's
behavior is insufficiently egregious to merit $19,500
of treble damages pursuant § 1719(a)(2), the Court
finds that this factor only weighs in favor of default
judgment as to the first two claims.

1   ///

2           d.   *Possibility of a Dispute Concerning a*

3                *Material Fact*

4         The fifth <u>Eitel</u> factor examines the likelihood of

5   dispute between the parties regarding the material

6   facts surrounding the case.   A defendant is "deemed to

7   have admitted all well-pleaded factual allegations" in

8   the Complaint upon entry of default.   <u>DirecTV, Inc. V.</u>

9   <u>Hoa Huynh</u>, 503 F.3d 847, 851 (9th Cir. 2007).   S&L

10  Tramondo and Alternative Metal Supply have had ample

11  time since the Complaint was served in May 2016 to

12  answer or at least oppose this Motion.   Considering

13  this with the fact that ERISA § 502(g)(2) (29 U.S.C. §

14  1132(g)(2)) and the Trust Agreements are clear as to

15  both parties' obligations in the event of breach or

16  delinquent contributions, the Court finds that any

17  material factual disputes are unlikely and this factor

18  weighs towards default judgment.

19          e.   *The Possibility of Excusable Neglect*

20        This factor examines whether Defendant's failure to

21  respond to Plaintiffs' Complaint was the result of

22  excusable neglect.   <u>Eitel</u>, 782 F.2d at 1472.   S&L

23  Tramondo and Alternative Metal Supply were properly

24  served with the summons, Complaint, and instant Motion,

25  which indicates that they had adequate notice of the

26  action.   <u>See</u> <u>Shanghai Auto. Instrument Co. v. Kuei</u>, 194

27  F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no

28  excusable neglect because defendants were properly

19

served with the complaint, notice of entry of default, and papers in support of motion for default judgment).

f.   *Policy Favoring Deciding a Case on its Merits*

The Ninth Circuit stated that "[c]ases should be decided upon their merits whenever reasonably possible." <u>Eitel</u>, 782 F.2d at 1472.  However, "this preference, standing alone, is not dispositive." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177.  Because S&L Tramondo and Alternative Metal Supply have failed to participate meaningfully in this litigation, a decision on the merits is not "reasonably possible" at this juncture. Nevertheless, this factor weighs against granting default judgment.

Under the <u>Eitel</u> factors, default judgment is proper as to the breach of Trust Agreement and ERISA violation claims, but not as to the Civil Code § 1719(a)(2) claim, which Plaintiffs have not sufficiently pled.

3.   <u>Character and Amount of Plaintiffs' Recovery</u>

The Court now turns to the damages Plaintiffs request.

i.   *Unpaid Contributions*

Plaintiffs seek unpaid contributions of $20,866.82 for thirteen NSF Checks from January 2015 to April 2016.  Ramas Decl. ¶ 12.  To substantiate this amount, Plaintiffs submit the Declaration of Juanito Antonio F. Ramas, the Manager of Residuals and Deposits of the Plans.  <u>Id.</u> at ¶ 1.  Mr. Ramas is tasked with

1    maintaining records related to employer contributions

2    to the Plans.  Id.  The declaration and attached

3    exhibits establish that S&L Tramondo and Alternative

4    Metal Supply provided reports of employees and hours

5    worked in accordance with the Trust Agreements, Ramas

6    Decl. Ex. 10, but submitted thirteen checks "returned

7    unpaid."  Id.  Ramas also furnishes a spreadsheet

8    indicating how Plaintiffs calculated the $20,866.82

9    total.  Ramas Decl. Ex. 11.  Plaintiffs have

10   demonstrated they are entitled to this amount in unpaid

11   contributions.

12        ii. *Interest and Liquidated Damages*

13        Plaintiffs also seek interest and liquidated

14   damages on unpaid contributions, totaling $6,114.74.

15   ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2)) permits a

16   plan fiduciary to collect interest on all delinquent

17   contribution once they have prevailed on a § 1145

18   claim, allowing for an interest rate provided under the

19   Plans.

20        The Ninth Circuit has clearly stated that an award

21   of liquidated damages under ERISA § 502(g)(2) is

22   "mandatory and not discretionary."  Operating Engineers

23   Pension Trust v. Beck Engineering & Surveying Co., 746

24   F.2d 557, 569 (9th Cir. 1984).  A plaintiff is entitled

25   to a mandatory award under § 1132(g)(2) if the

26   following requirements are met: (1) the fiduciary

27   obtains a judgment in favor of the plan; (2) unpaid

28   contributions exist at the time of the suit; and (3)

1  the plan provides for liquidated damages.  <u>Idaho</u>
2  <u>Plumbers & Pipefitters Health & Welfare Fund v. United</u>
3  <u>Mechanical Contractors, Inc.</u>, 875 F.2d 212, 215 (9th
4  Cir. 1989).  Plaintiffs satisfy these requirements, as
5  the Court has found that the Plan was violated, S&L
6  Tramondo and Alternative Metal Supply had unpaid
7  contributions of over $20,000 as of April 2016 and the
8  suit was filed in May 2016, ECF No. 1; Ramas Decl. Ex.
9  11, and the Trust Agreements allow for liquidated
10 damages.  Ramas Decl. ¶ D; Ex. 1, at 10; Ex. 2, at 17;
11 Ex. 3, at 23.  Plaintiffs are therefore entitled to
12 $6,114.74 in interest and liquidated damages.

13          iii.  *Attorneys' Fees and Litigation Costs*
14      Plaintiffs lastly seek attorneys' fees and costs of
15 suit, totaling $2,796.70.  Central District Local Rule
16 55-3 delineates a schedule of attorneys' fees in the
17 event of default judgment, if the applicable statute
18 provides for recovery of reasonable attorneys' fees.[12]
19 <u>Vogel</u>, 992 F. Supp. 2d at 1016.  If the judgment,
20 exclusive of costs, falls between $10,000 to $50,000,
21 the court is to award attorneys' fees of $1,200 plus 6%
22 of the amount over $10,000.  <u>Id.</u>  Here, judgment
23 exclusive of costs is $27,426.56.  Rosenfeld Decl. ¶ 8.
24 Applying the attorneys' fees schedule, Plaintiffs are
25 entitled to $2,245.49.  <u>Id.</u> at ¶ 8.  The Court likewise
26

27          [12] Here, the applicable statute ERISA § 502(g)(2) (29 U.S.C.
28 § (g)(2)) allows for "reasonable attorneys' fees," rendering
   Local Rule 55-3 applicable.

1  finds the litigation costs for service of process and

2  filing fees accurately reflect $551.11.  Id. at ¶ 9;

3  ECF Nos. 9-11.

4       Based on the above analysis, the Court finds that

5  Plaintiffs' § 1719(a)(2) treble damages allegations

6  against S&L Tramondo and Alternative Metal Supply do

7  not support entry of default judgment. The Court awards

8  Plaintiffs' requested damages, totaling $29,778.26.

9  The Court does not reach Plaintiffs' request for treble

10 damages of $19,500 under § 1719(a)(2), as Plaintiffs

11 have not adequately pled this claim.

12      4.   There is no Just Reason to Delay Entering

13           Default Judgment against S&L Tramondo and

14           Alternative Metal Supply

15      The Court grants Plaintiffs' Motion and enters

16 default judgment against S&L Tramondo and Alternative

17 Metal Supply as to the first and second claims.

18      "[T]he preferred practice when default is entered

19 against [only some defendants] in a multi-defendant

20 case is for the court to withhold granting default

21 judgment against the remaining defendants."

22 Transamerica Life Ins. Co. v. Estate of Ward, No. CIV

23 S-11-0433 JAM, 2011 WL 5241257, at *5 (E.D. Cal. Oct.

24 31, 2011).  But when a party seeks entry of final

25 judgment against fewer than all parties when there are

26 multiple parties involved, the court should determine

27 that there is no just reason for delay before entering

28 default judgment.  Fed. R. Civ. P. 54(b).  When

deciding whether there is "just reason" to delay entry of default judgment, courts may consider judicial administrative interests and equities. <u>United States v. Distribuidora Batiz CGH, S.A. De C.V.</u>, No. 07cv370-WQH, 2009 WL 2487971, at *7 (S.D. Cal. Aug. 10, 2009).

Here, there is no just reason to delay entry of default judgment.  Plaintiffs have a "pressing need" for an entry of default judgment at this juncture, as they have quite clearly set forth the amount in NSF checks, and the Plans are equally clear as to the amounts owed in liquidated damages, interest, attorneys' fees, and costs. <u>Frank Briscoe Co. v. Morrison-Knudsen Co.</u>, 776 F.2d 1414, 1416 (9th Cir. 1985).  Moreover, entry of default judgment against S&L Tramondo and Alternative Metal Supply—the corporations under which Shaun Tramondo is doing business—and payment of that judgment may encourage Plaintiffs to resolve the case as to remaining defendants Shaun and Leticia Tramondo.[13]

### III. CONCLUSION

The Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' Motion for Default Judgment [30].  The

---

[13] Plaintiffs have opted not to move for entry of default judgment against Defendant Leticia Tramondo, but have not provided the Court with a reason why.  And Defendant Shaun Tramondo remains in the case by virtue of his answering the Complaint [16].  Nevertheless, entering judgment against S&L Tramondo and Alternative Metal Supply may render Plaintiffs' continued pursuit of Shaun Tramondo and Leticia Tramondo moot.

1  Court **GRANTS** the Motion and enters default judgment as

2  to the first and second claims against S&L Tramondo and

3  Alternative Metal Supply.   The Court **DENIES** Plaintiffs'

4  Motion against S&L Tramondo and Alternative Metal

5  Supply as to the California Civil Code § 1719(a)(2)

6  claim.   The Court awards $27,836.88 in damages:

7  $20,866.82 for delinquent contributions; $4,173.36 in

8  liquidated damages; $2,245.59 in attorneys' fees;

9  $551.11 in litigation costs; plus interest, at the rate

10  of one percent (1%) per month, commencing when payment

11  was due beginning on January 21, 2015, and continuing

12  until payment is made.

13  **IT IS SO ORDERED.**

14

15  DATED: November 16, 2016        s/ RONALD S.W. LEW

16                                  **HONORABLE RONALD S.W. LEW**
                                    Senior U.S. District Judge

17

18

19

20

21

22

23

24

25

26

27

28